UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CONSTRUCTION & DEMOLITION
DISPOSAL, INC., a Florida
corporation, and SOIL RESOURCES,
INC., a Florida corporation,

        Plaintiffs,

vs.

CITY OF BARTOW, FLORIDA, a
Florida municipal corporation,

        Defendant.

Case No.: 8:92-cv-1016-MAP
INJUNCTIVE RELIEF SOUGHT

_____/

## REPUBLIC SERVICES LIMITED PARTNERSHIP'S MOTION TO RE-OPEN CASE, MOTION TO INTERVENE, MOTION TO JOIN DEFENDANT, AND MEMORANDUM OF LAW IN SUPPORT THEREOF

The Plaintiff, REPUBLIC SERVICES LIMITED PARTNERSHIP ("Republic"), as required by this Court's Order of August 29, 2008, in Case No. 8:08-cv-00118-T30-MAP, moves to reopen the above case, intervene pursuant to Rule 24, and join a defendant pursuant to Rule 19. As grounds for this Motion, Republic states as follows:[1]

1.    The original lawsuit involved a dispute between Construction and Demolition Disposal, Inc. ("CDDI") and Soil Resources, Inc. ("SRI"), as Plaintiffs, and the City of Bartow, Florida ("Bartow"), as Defendant, concerning a landfill owned by CDDI and SRI within the city limits of Bartow.

---

[1] A more detailed description of the parties and events leading to this suit is contained in the proposed Third-Party Complaint attached as Exhibit "3".

1

2. The Lawsuit culminated with a Final Consent Judgment and Settlement Agreement that this Court rendered on September 29, 1994, (the "Judgment" and "Settlement Agreement"), a true and correct copy of which is attached hereto as Plaintiff's Exhibit "1". The Settlement Agreement specifies which types of waste are allowed to be disposed of on the property.

3. Republic is a Delaware limited partnership licensed to transact business in Florida and is a successor in interest to CDDI and SRI as to a portion of the property governed by the Judgment and Settlement Agreement.

4. CDDI and SRI subsequently conveyed the balance of the property at issue to O-M Holdings, LLC, a Florida limited liability company ("O-M") and SW Partnership, a Florida general partnership ("SW"). Republic, O-M, and SW are the only parties with an interest in the property at issue. O-M and SW have filed a separate Motion to Re-Open Case and Motion to Enforce Final Consent Judgment.

5. On June 20, 2006, Republic filed an application with the Florida Department of Environmental Protection to construct new landfill cells on its property.

6. On January 18, 2008, Republic filed a Complaint against Bartow in a separate action before this Court, Case No. 8:08-cv-00118-T30-MAP, in which Republic alleged that Bartow was acting in violation of the Judgment and the Settlement Agreement by its opposition to Republic's proposed landfill. Republic sought declaratory relief concerning the meaning and effect of the Judgment and Settlement Agreement. Bartow counterclaimed, admitting that the Judgment and Settlement Agreement were binding on the property at issue, and also sought declaratory relief.

7. After the filing of Republic's Complaint against Bartow, Bartow succeeded in securing passage of a state statute that, if constitutional, would absolve it of its responsibilities under the Settlement Agreement and allow Bartow to repeal in *ex parte* fashion the Settlement Agreement and Judgment that Bartow previously agreed to and asked the Court to enforce. Bartow lobbied for passage of the statute specifically for the purpose of evading its contractual obligations, thwarting and defeating the Judgment and Settlement Agreement, and improperly avoiding the Court's jurisdiction. The statute is narrowly tailored and intended to affect only the property at issue in this dispute by prohibiting the issuance of a permit for a proposed landfill that Republic would otherwise be entitled to under the Settlement Agreement and applicable environmental regulations.

8. Upon passage of the statute, Republic sought to amend its Complaint to name Michael Sole, Secretary of the Florida Department of Environmental Protection ("FDEP"), as a party and to amend its claims to seek, among other things, damages from Bartow for breach of contract and a declaration that the new state statute is unconstitutional.

9. Prior to ruling on Republic's motion for leave to amend the Complaint, the Court issued an Order that *sua sponte* dismissed the suit on the grounds that the relief requested should be sought in the instant proceeding (the "Order"). The Order specifically directed Republic to move to re-open the instant case and to seek relief here. A copy of the Order is attached hereto as Exhibit "2".

10. Therefore, in compliance with Rule 24, Rule 19, and the Order, Republic moves to re-open this case, moves to intervene as a Plaintiff in this matter, moves to join

Michael Sole ("Sole") in his official capacity as Secretary of FDEP, and attaches hereto its proposed Third- Party Complaint as Exhibit "3".

11. Because Republic is the successor-in-interest to CDDI and SRI to a portion of the property that was originally at issue in this matter, and because Republic's use of its property is governed by the Judgment and Settlement Agreement, Republic is so situated that disposing of the action may as a practical matter impair or impede Republic's ability to protect its interest. Therefore, Republic has an absolute right to intervene pursuant to Rule 24(a).

12. In the alternative, some of Republic's claims are substantially identical to the claims asserted by CDDI and SRI in their Amended Motion to Enforce Final Consent Judgment (and Settlement Agreement) filed on August 29, 2008, Docket No. 145 (the "Motion to Enforce"). Therefore, should the Court determine that Republic does not have an absolute right to intervene, the Court should permit Republic to intervene pursuant to Rule 24(b) or join as a successor in interest to the original Plaintiffs, CDDI and SRI, pursuant to Rule 25(c).

13. Republic's rights under the Settlement Agreement cannot be fully determined without determining whether the new statute is constitutional, which requires joinder of Sole in his official capacity as Secretary of FDEP. Therefore, joinder is required under Rule 19. In the alternative, permissive joinder of Sole is appropriate under Rule 20 because the causes of action against Bartow and Sole both involve common questions of law.

14. Pursuant to local rule, Republic's counsel conferred with counsel for O-M and SW prior to filing this Motion and their counsel does not object to the relief sough in this Motion. Also pursuant to local rule, Republic's counsel conferred with Bartow prior to filing this Motion and determined that Bartow does not agree on the resolution of this Motion.

WHEREFORE, Republic requests an order:

(a) Re-opening the instant case;

(b) Allowing Republic to intervene as a third-party plaintiff;

(c) Allowing Republic to join Michael Sole, in his official capacity as Secretary of the Florida Department of Environmental Protection, as a defendant;

(d) Granting Republic leave to file the attached Third-Party Complaint; and

(e) Such other relief as the Court may deem appropriate.

## MEMORANDUM OF LAW IN SUPPORT OF REPUBLIC SERVICES LIMITED PARTNERSHIP'S MOTION TO RE-OPEN CASE, MOTION TO INTERVENE, AND MOTION TO JOIN DEFENDANT

### INTRODUCTION

Republic's rights under the Judgment and Settlement have been infringed upon by Bartow's actions in securing passage of an unconstitutional state statute narrowly tailored to circumvent the Judgment of this Court. Republic seeks to assert two causes of action against Bartow: Count I of the proposed Third-Party Complaint seeks declaratory relief concerning the meaning of the Settlement Agreement and Count II seeks damages for Bartow's breach and deliberate undermining of the binding Judgment and Settlement Agreement. The remaining counts seek to have the statute declared unconstitutional.

Having been denied the right to file a separate action to assert these claims, Republic was instructed by this Court to seek its relief in the instant case. This Court should re-open the case, allow Republic to intervene, and hear Counts I and II because of the reservation of jurisdiction contained in the Judgment. The Court has subject matter jurisdiction over the remaining constitutionality counts due to federal question or supplemental jurisdiction. These counts and their defendant, Sole, must be joined because a complete adjudication of the rights of Republic and Bartow under the Judgment and Settlement Agreement is impossible without considering the constitutionality of the statute.

**ARGUMENT**

*1. The case should be re-opened because this Court specifically reserved jurisdiction over enforcement of the Judgment and Settlement Agreement.*

A Court has jurisdiction to hear disputes over the enforcement of a settlement agreement that is ratified by the Court in its final order. *See* 8 *Moore's Federal Practice* § 41.34(6)(h) (2008); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994). In this case, the Court specifically reserved jurisdiction just as is required: "The Court shall retain jurisdiction over this matter for the purpose of enforcement of this Order and incorporated Settlement Agreement." (Judgment, ¶ 6).

Republic, along with O-M and SW, assert that there is a dispute over the meaning and effect of the Settlement Agreement. (*See* Exhibit 3 *and* Amended Motion to Enforce Final Consent Judgment (and Settlement Agreement), Docket No. 145). The Plaintiffs also assert that Bartow has breached the Settlement Agreement. *Id*. As such, this dispute fits squarely within the matters over which this Court reserved jurisdiction.

Furthermore, Republic has been denied relief in a separate action before this Court and was specifically instructed by this Court to "[move] to reopen Case No. 8:92-cv-1016-MAP to enforce the Settlement Agreement." (Exhibit 2).

It is plain that, under the language of the Judgment, the Court has jurisdiction over this dispute. The real issue addressed in the Order of August 29, 2008, was not jurisdiction, but a question as to whether the Court's jurisdiction should be exercised under the old case number or a new one. If the present Court refuses to reopen the existing case, it will produce conflicting rulings. One Judge will have concluded that Republic cannot seek its relief in the current (closed) action, with the other concluding that Republic is not entitled to seek relief in a separate (new) action, either. The assignment of case numbers is an administrative function of the Court that does not touch on the issue of jurisdiction. The same Court should not enter conflicting orders on an administrative issue that would have the effect of denying relief to the aggrieved party, without either judge agreeing to hear the merits of the case.

Therefore, the Court should reopen this case.

2. *Republic should be permitted to intervene because disposing of the matter without its presence would impede its ability to protect its interest.*

Rule 24(a)(2) provides that, as a matter of right, a party may intervene in a proceeding if it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest…" It is undisputed that Republic has a property interest that is governed by the Judgment and Settlement

Agreement. It would impede Republic's ability to protect its interest if the matter proceeds without its presence.

In the instant case, the questions raised by O-M and SW's Motion to Enforce are substantially identical to issues raised by Republic in its proposed Third-Party Complaint. All three parties seek judicial determination of: (1) the meaning of the phrase "household or residential garbage" contained in the Settlement Agreement, (2) the liability of Bartow for breaching its contractual obligations and thwarting the purpose of the Judgment and Settlement Agreement, and (3) the constitutionality of the state statute. If Republic is not permitted to intervene in this action, there is the potential that an adverse decision on these issues would be used against Republic in a separate case without Republic having an opportunity to present its position.

Finally, Republic's other option, to seek its relief in a separate action, has been denied by this Court with instructions to proceed in this case. The Court specifically ordered that "Plaintiff [Republic] may file appropriate proceedings in [this case] to pursue the relief it seeks." (Exhibit 2, ¶ 2). To be consistent with the prior Order of this Court, Republic should be permitted to intervene in this action and file the attached pleading. (Exhibit 3).

In the alternative, Republic should be permitted to join as a co-plaintiff in this action and file its proposed Third-Party Complaint pursuant to Rule 25(c) concerning substitution of successors in interest. Again, it is undisputed that Republic owns property that is bound by the terms of the Judgment and Settlement Agreement and is a successor in interest to the original Plaintiffs', CDDI and SRI. While Rule 25(c) does not expressly

state that a successor in interest may join a pending action as a matter of right, it clearly allows an action to proceed when an original party to the litigation transfers its interest in the subject matter of the dispute to a transferee who was not an original party to the litigation. Republic, as an undisputed transferee of the subject matter of the original dispute, i.e. the property at issue in this litigation, should therefore be allowed to join as a co-plaintiff in this action.

   3. *Republic is entitled to join Sole as an additional defendant because its rights under the Settlement Agreement and rights for damages against Bartow cannot be resolved without addressing the constitutionality of the statute.*

Rule 19 provides that joinder of additional parties is required if "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A).

In Count I of the proposed Third-Party Complaint, Republic seeks a declaration of its rights under the Settlement Agreement. The Settlement Agreement describes several types of waste that are prohibited in any landfill on the property, but otherwise allows any waste that Republic can obtain a permit to dispose of from FDEP. (¶ II(1), p.2) The statute at issue prohibits issuance of permits for a broad class of waste, thereby severely limiting Republic's rights under the Settlement Agreement. Specifically, the statute prohibits issuance of permits for landfills that accept garbage, which is defined as food waste. The Settlement Agreement prohibits acceptance of "household or residential garbage," but does not prohibit acceptance of garbage from other sources. Bartow disputes this interpretation and wrongfully claims that "household or residential garbage" refers to all garbage, from any source.

In order to determine whether Republic has the right to accept garbage from non-residential sources under the Settlement Agreement, it must be determined whether a landfill that accepts garbage is even capable of being permitted. This threshold question hinges directly on whether the statute, which on its face prohibits such a permit, is constitutional.

While a more detailed description of the constitutional challenges to the statute is provided in the proposed Third-Party Complaint attached hereto as Exhibit "3", the Court should be aware that Bartow caused the passage of the statute in a deliberate and calculated attempt to thwart this Court's authority to enforce the Judgment and to avoid Bartow's obligations under the Settlement Agreement. Bartow sought passage of the statute only after it knew it would lose its argument in this Court pertaining to what waste is acceptable under the Settlement Agreement and after it had already lost in the first round of permitting procedures. In fact, Bartow's very same law firm who was defending Bartow in this courthouse drafted the unconstitutional statute to circumvent the binding Judgment and Settlement Agreement and to avoid this Court's express jurisdiction. Bartow caused the enactment of the statute in an attempt to prevail in this litigation by legislatively overturning and circumventing this Court's binding Judgment.

The Court must determine whether this litigation tactic by Bartow of creating this special statute to avoid the Judgment and Settlement Agreement is constitutional. Complete relief between Bartow, Republic, O-M, and SW is not possible without this information. The constitutionality of the statute cannot be determined without the presence of the state executive tasked with enforcing it: Sole. <u>Walker v. President of the</u>

Senate, 658 So. 2d 1200 (Fla. 5th DCA 1995); *see also*, ACLU v. The Florida Bar, 999 F. 2d 1486, 1490 (11th Cir. 1993) (taking the same position on a constitutional challenge to a provision of the Florida Code of Judicial Conduct). As such, the Court must permit joinder and allow Bartow to assert its causes of action against Sole in order to properly examine the constitutionality of the statute and provide the parties complete relief.

## CONCLUSION

As a result of the foregoing, the Court should reopen the instant case, permit Republic to intervene (or, in the alternative, join as a substitute party) as to Counts I and II of the proposed Third-Party Complaint, and join Sole as an additional defendant as to the remaining counts.

Respectfully submitted this 11th day of September, 2008.

**CLARK, CAMPBELL & MAWHINNEY, P.A.**

/s/ Matthew R. Clark
**RONALD L. CLARK, ESQUIRE**
Florida Bar Number: 205192
rclark@ccmattorneys.com
**MATTHEW R. CLARK, ESQUIRE**
Florida Bar Number: 18087
mclark@ccmattorneys.com
**J. KEMP BRINSON, ESQUIRE**
Florida Bar Number: 752541
kbrinson@ccmattorneys.com
500 South Florida Avenue, Suite 800
Lakeland, Florida 33801
Telephone: (863) 647-5337
Litigation Dept. Facsimile: (863) 904-1293

and

JUNG & SISCO, P.A.
William F. Jung
Florida Bar No: 380040
100 South Ashley Drive
Suite 1240, Wachovia Center
Tampa, Florida 33602
Telephone: (813) 225-1988
Facsimile: (813) 225-1392

Trial Counsel for Plaintiff,
Republic Services of Florida Limited Partnership

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 11, 2008, I electronically filed the foregoing Document with the Clerk of this Court using the CM/ECF system, which will automatically send email notification of such filing to all parties who are CM/ECF participants.

/s/ Matthew R Clark
**Matthew R. Clark, ESQUIRE**
Florida Bar Number: 18087

J:\Republic Services\City of Bartow Litigation\New Motion in Ellsworth Case.doc